ORIGINAL

# In the United States Court of Federal Claims

No. 17-1417C
(Filed: April 12, 2018)
NOT FOR PUBLICATION

**FILED**

APR 1 2 2018

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RICHARD RALPH MALCOLM,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

Military pay; Board for
Correction of Naval
Records; Not arbitrary or
capricious.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPINION

Plaintiff, Richard Malcolm, seeks review of the decision by the Board For Correction of Naval Record's denying his request for correction of his military records to reflect a disability retirement. He also seeks $1,000,000 in back pay for lost retirement benefits. This is plaintiff's second request for correction denied by the board, and the present complaint is his second in this court appealing those denials. Defendant has moved for judgment on the administrative record. Plaintiff opposes that motion and has separately moved to supplement the administrative record with evidence concerning his mental health. Defendant opposes that request. The motions are fully briefed, and oral argument is unnecessary. Because the BCNR was not arbitrary nor capricious in denying plaintiff relief, we grant defendant's motion for judgment. We also deny plaintiff's motion to supplement the record because those materials were not before the board.

## BACKGROUND

Mr. Malcolm enlisted in the United States Navy on February 1, 2002. Mr. Malcolm's current complaint begins with the representation that he has "never had any learning difficulties nor have I ever been diagnosed with any

7017 1450 0000 1346 4605

mental or physical disabilities." Pl.'s Informal Br. 1-2.[1] His pleadings allege performance difficulties during his basic training and general allegations that he raised these complaints at the time regarding his mental and physical well-being. Nonetheless he graduated from boot camp. Plaintiff's chronological record of medical care indicates an evaluation by a clinical psychologist on March 6, 2002, during boot camp. That record indicates an occupational problem but that his mental status was "within normal limits." Administrative Record ("AR") 106. On June 4, 2002, plaintiff was screened for health and mental problems. The record from that screening indicated that plaintiff had neither. AR 299-300.

He reported to duty aboard the USS Abraham Lincoln on August 18, 2002. He alleges that shortly thereafter, after having some of his personal effects stolen, he began to complain regularly to his command about a need for mental evaluation because he "could no longer distinguish between rational and irrational behavior" and had fallen out of touch with reality. Pl.'s Informal Br. 3.

Mr. Malcom's service record shows an almost immediate problem with performance once he was shipboard. *See* AR 145-46. On October 28, 2002, an officer's mast found him to have been twice insubordinate to a petty officer, that he failed to obey orders or regulations, and to have made provocative speech or gestures. AR 176. He was given a non-judicial punishment that included a reduction in rank and temporary forfeiture of pay. Plaintiff appealed that decision to his commanding officer. The commander dismissed one of the two charges of insubordination but otherwise upheld the punishments as fitting the remaining offenses. That decision also recorded that plaintiff's pattern of conduct was "oriented around getting himself discharged from the Navy." AR 185.

Mr. Malcom was also rated poorly for his performance for the remainder of 2002, and the evaluators recommended separation from the Navy. AR 149-50. On November 19, 2002, plaintiff was punished for four separate

---

[1] Plaintiff filed a very short document entitled "Complaint," using the outline provided by the court in a form for *pro se* litigants, and attached to it a longer recitation of his allegations in a document entitled "Plaintiff-Appellant's Informal Brief." We construe the two of these documents together to be his complaint.

incidences of failure to report for duty and for sexually harassing a female airman. AR 179-81.

Contemporaneous medical and psychological records indicate that plaintiff sought frequent treatment for headaches, dizziness, and a general dissatisfaction with life in the Navy. *See, e.g.*, AR 278-80 (Chronological Record of Medical Care, September 13, 2002). Records from one particular visit state that plaintiff indicated that he was seeking to get out of his service commitment and would do whatever it took to be released, including frequent visits to medical personnel.[2] AR 259-60 (Chronological Record of Medical Care, October 22, 2002). The Navy performed a CT scan of Mr. Malcom's brain on October 28, 2002. The results were normal.

On November 20, 2002, plaintiff received notice that the Navy would commence separation proceedings against him for serious misconduct. Mr. Malcolm waived his right to counsel, right to see documents, and the right to request an administrative board. AR 172-73. Thus no administrative hearing was held, and plaintiff was separated from active duty on December 5, 2002, under "other than honorable" conditions. AR 112.

On May 14, 2013, plaintiff submitted an application to the Naval Discharge Review Board ("NDRB") requesting that his discharge be upgraded to "honorable." The reason for the change listed was that his medical condition at the time made his continued service untenable and that his bad behavior was compulsive due to bipolar disorder. He attached to his application a diagnosis of bipolar disorder from April 2013. The NDRB afforded no relief, noting that plaintiff's service records were replete with misconduct that warranted his "other than honorable" discharge and finding that the 2013 bipolar disorder diagnosis had no bearing on plaintiff's mental health at the time of discharge 10 years prior. AR 194. The decision also notes that the board sought treatment records from the Department of Veterans Affairs but that none could be found. *Id.*

Plaintiff then submitted a similar request to the Board for Correction of Naval Records ("BCNR") on March 31, 2014. He additionally asked that the

---

[2] On November 2, 2002, plaintiff requested examination for a skin graft that he had received prior to service, which was found to be normal. AR 254.

non-judicial punishment be expunged from his record. The gist of the application to the BCNR was that he was denied adequate medical and psychiatric care, was bullied by other service personnel, and had complied with all rules and regulations. He did not seek disability benefits in his 2014 application.

The BCNR denied his request on July 10, 2015, stating generally that there was insufficient evidence of any material error or injustice and more particularly that there was no evidence in the record that Mr. Malcom had been diagnosed with bipolar disorder or denied treatment for it during his 10-months of service. AR 26-27.

Plaintiff then filed his first suit in this court on May 4, 2016, seeking correction of his naval records to reflect an honorable discharge and an award of disability retirement pay. That complaint was dismissed as untimely as to the count of wrongful discharge and the balance was dismissed as outside of the court's jurisdiction. *Malcolm v. United States*, No. 16-545C, 2017 WL 105946 (Fed. Cl. Jan. 11, 2017), *aff'd* 690 Fed. App'x 687.

Mr. Malcom subsequently filed a new petition to the BCNR for disability benefits. Given the new request for disability benefits, the board treated this application *de novo*, and it requested and received an advisory opinion from the Council of Review Boards ("CORB"). The result of all of which was a denial of his request dated September 11, 2017. The CORB, and BCNR along with it, found insufficient evidence to warrant a diagnosis of bipolar disorder or schizophrenia at the time of discharge or before. AR at A2. The board noted that Mr. Macolm had been twice evaluated for mental health concerns in 2002 with results no worse than occupational problems, and only mild problems at that. *Id.* The board was thus unable to "draw a nexus between the 2013 diagnosis and your symptoms in 2002." *Id.* The BCNR also noted that, even had plaintiff been referred to the Disability Evaluation System at the time, his administrative separation proceedings would have superceded that referral. *Id.* Plaintiff now appeals that decision with his present complaint.

## DISCUSSION

When deciding claims for military disability retirement benefits, our review is limited to the decision of the military review board based on the record and arguments that were before it. *See Russell v. United States*, 106

Fed. Cl. 696, 698 (2012).  The court's role is to determine, based on the administrative record, if the decision of the board was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466, F.3d 991, 998 (Fed. Cir. 2006).  This is a highly deferential standard. In order to meet this standard, claimants must present "cogent and clearly convincing evidence" that the board acted irrationally. *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986).

We begin with plaintiff's request that the record be supplemented to include testimony from "mental experts" that the headaches that he complained of in the Navy were the "biproduct of schizophrenia" induced by stress. Pl.'s Mot. to Supp. the AR 1.  The court will allow the record in an administrative review case, such as this one, to be supplemented only when that supplemental information is necessary for effective judicial review. *See Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009).  Plaintiff has not argued or attempted to show how the unspecified testimony he seeks to introduce would be necessary for the court to determine whether the BCNR was arbitrary in its decision to deny him relief.  Thus, the motion must be denied.

Defendant's motion for judgment argues that the BCNR's decision should be upheld because the board was correct, as a legal matter, that a bad conduct discharge takes precedence over disability proceedings.  The import of which is that, even if plaintiff could show that he ought to have been referred to a Physical Evaluation Board ("PEB") to determine his eligibility for a disability retirement, one would not have been convened because the administrative separation proceedings take precedence over any disability proceedings under the applicable regulations.  Defendant's second argument is that the BCNR was rational in its decision that, in any event, plaintiff did not show any entitlement to a PEB or disability benefits because his proffered medical diagnosis offered no opinion as to the genesis of his condition nor even suggested that Mr. Malcolm suffered from this condition while in the Navy.

Plaintiff's response in his opposition is difficult to decipher, but as best we can tell, he argues that the court's decision in his earlier case established the fact that he was suffering from bipolar and schizophrenia disorders prior to his discharge.  Plaintiff also quotes a document, without citation, presumably somewhere in the record, to the effect that the medical personnel involved during his service time were biased.  Thus, in plaintiff's view, the

record is unreliable and the BCNR's reliance upon it was irrational.

Although we agree with defendant that SECNAVINST 1850.4E ¶ 1002.b mandates that misconduct discharge proceedings take precedence over processing for disability, the case does not necessarily end. In the event that the misconduct was caused by a service-related disability, such as a mental disorder as alleged here, a plaintiff might be able to establish eligibility for benefits despite the misconduct discharge if he was "unable to appreciate the nature and quality or the wrongfulness of the acts" that lead to his discharge. SECNAVINST 1850.4E ¶ 3414.b (2002). Such is not the case here, however.

We agree with defendant that the BCNR was not arbitrary in its decision to deny relief based on the lack of evidence of plaintiff having suffered from his disability at or prior to his discharge. The opinions provided by Dr. Azam and Dr. Prieto in 2013 do not provide the missing link.

Plaintiff offered the board and now offers the court two brief medical opinions authored in 2013, one by Dr. Safir Azam (MD), a psychiatrist, and the other by Dr. Addys Prieto (PsyD), a clinical psychologist. Dr. Azam's two sentence letter states that he evaluated Mr. Malcolm twice in 2013, and opined that he "has a history of Bipolar I disorder, rapid cycling. His history indicates long standing symptoms of mania and he is vulnerable to stressors." AR 79. Dr. Azam's record, dated April 9, 2013, states that Mr. Malcolm reported a history of mood swings since adolescence and other symptoms indicating bipolar disorder (cyclical mania and depression). The doctor's "diagnostic impression" was bipolar I disorder, and further it was his opinion that plaintiff "maintains the ability to perform all personal activities of daily living at this time." AR 80.

In light of the opinions offered in the documents cited above and Naval records discussed earlier, we do not find any error in the BCNR's conclusion that plaintiff failed to carry his burden in establishing the existence of a disabling condition at the time of discharge that would have rendered him unable to appreciate the wrongfulness of his actions. *See* AR at A2-A3. Even fully crediting plaintiff's 2013 diagnoses and inferring from them that they speak to plaintiff's condition in 2002, the proffered evidence falls far short. Assuming that plaintiff was suffering from a bipolar disorder in 2002, the record contains no evidence upon which to reach the conclusion that his bipolar condition rendered him "unable to appreciate the nature and quality or

the wrongfulness of the acts" that lead to his discharge. SECNAVINST 1850.4E ¶3414.b. In fact, as the CORB noted in its advisory opinion, the most relevant evidence of his overall mental condition at the time of discharge supports the opposite conclusion. *See* AR at A4 ("There was no consideration of a possible diagnosis of Bipolar Disorder nor was significant impairment of current duty performance noted . . . . judgment, insight and impulse control were all considered good.").

## CONCLUSION

Plaintiff has not established any grounds for a disability retirement, and thus all that remains is plaintiff's misconduct discharge. All of the other relief requested must be denied as well because the predicate– correction of the misconduct discharge–was not established.

Accordingly, the following is ordered:

1. Plaintiff's motion to supplement the administrative record is denied.

2. Defendant's motion for judgment on the administrative record is granted.

3. The clerk of court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge